**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IMAGE PROFESSIONALS GMBH d/b/a STOCKFOOD, | CASE NO. 2:25-cv-00873-RK-RLS |
| **Plaintiff,** | |
| v. | THE HONORABLE ROBERT KIRSCH |
| LUSTY LOBSTER, INC., | MOTION DATE: APRIL 7, 2025 |
| **Defendant.** | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LUSTY LOBSTER, INC.'S**
**<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

Theodore J. Chiacchio, Esq.
Bar No. 038932002
**CHIACCHIO IP, LLC**
1041 NJ-36, No. 304
Atlantic Highlands, NJ 07716
Phone: (732) 526-3672
Email: tchiacchio@chiacchioip.com

*Counsel for Defendant*

## TABLE OF CONTENTS

**SUMMARY OF ARGUMENT**……………………………………………………...............
1

**STATEMENT OF FACTS**…………………………………………………………………...
1

**ARGUMENT**………………………………………………………………………… 2

     I.     Governing Legal Standards……………………………………………………… 2

     II.    Plaintiff Has Failed to Plausibly Allege the Statutory Prerequisite of Copyright Registration for the Asserted Work……………………………………...3

**CONCLUSION**………………………………………………………………...............
5

# TABLE OF AUTHORITIES

## Cases

*Aschcroft v. Iqbal*,
556 U.S. 662 (2009) …………………………………………………………..…………….. 2

*Bell Atl. Corp. v. Twonbly*,
550 U.S. 544 (2007) …………………………………………………………………...…….. 2

*Bluewire Media, LLC v. Gloucester City Republican Comm.*,
C.A. No. 13-cv3667, 2014 U.S. Dist. LEXIS 198386 (D.N.J. Mar. 24, 2024)……………………5

*Design with Friends, Inc. v. Target Corp.*,
C.A. No. 1:21-cv-1376-SB, 2023 U.S. Dist. LEXIS 83605 (D. Del. May 12, 2023)……………5

*Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*,
586 U.S. 296 (2019)……………………………………………………………………………… 3

*Goodman v. Harry Fox* Agency,
No. 03-1176, 2003 U.S. Dist. LEXIS 27269 (D.N.J. Dec. 30, 2003)……………………….……5

*Greenberg v. Scholastic, Inc.*,
C.A. No. 16-cv-6353, 2018 U.S. Dist. LEXIS 52370 (E.D. Pa. Mar. 28, 2018)……………..*passim*

*Hian v. Louis Vuitton USA Inc.*,
C.A. No. 22-cv-3742, 2024 U.S. Dist. LEXIS 114123 (E.D. Pa. June 28, 2024)……………………5

*Kev & Cooper L.L.C. v. Gladwell Educ. LLC*,
C.A. No. 22-2029, 2023 U.S. Dist. LEXIS 31842 (D.N.J. Feb. 27, 2023)…………………………4

*Mid. Am. Title Co. Kirk*,
991 F.2d 417 (7th Cir. 1993)……………………………………………………………………… 3

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
795 F.3d 997 (9th Cir. 2015)……………………………………………………………………… 3

*Smith v. Casey*,
741 F.3d 1236 (11th Cir. 2014)…………………………………………………………………… 3

*Tanksley v. Daniels*,
902 F.3d 165 (3d Cir. 2018) ……………………………………………………………………… 3

*United Linen Wholesale, L.L.C. v. Northwest Co.*,
C.A. No. 2:06-cv-5934, 2010 U.S. Dist. LEXIS 95924 (D.N.J. Sept. 13, 2010)………………….. 4

**Statutes**

17 U.S.C. § 102(a) ................................................................................................................. 2

17 U.S.C. § 106 ...................................................................................................................... 2

17 U.S.C. § 408(a) ................................................................................................................. 3

17 U.S.C. § 411(a) ................................................................................................................. 2

17 U.S.C. § 501(b) ................................................................................................................. 2

**Rules**

FED. R. CIV. P. 12(b)(6) ................................................................................................ *passim*

Defendant Lusty Lobster, Inc. ("LLI"), by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. For the reasons discussed herein, LLI respectfully submits that the Complaint must be dismissed.

## SUMMARY OF ARGUMENT

Plaintiff Image Professionals GMBH d/b/a Stockfood, (hereinafter, "Plaintiff"), identifies itself in the Complaint as a stock photograph company specializing in professional images of food, recipes, and cuisine-related content videos. (Dkt. 1, ¶ 6). Plaintiff's Complaint purports to assert a claim for copyright infringement based on LLI's posting to its website of one stock image photograph of a dinner entre comprising crab cakes. (*Id.* ¶¶ 21-32). However, for the reasons stated herein, the Complaint is facially implausible and, therefore, fails to state a claim upon which relief may be granted. This is because Plaintiff's allegations regarding the requisite copyright registration, together with the Certificate of Registration attached to the Complaint, are self-contradictory, contradicted by publicly available Copyright Office records, and otherwise entirely implausible. For all of the reasons discussed herein, LLI respectfully requests that Plaintiff's Complaint must be dismissed.

## STATEMENT OF FACTS

Plaintiff filed this case on January 31, 2025. (*See* Dkt. 1). According to the Complaint, Plaintiff owns rights to over 1 million professional food images, videos, and recipes. (*See id.* ¶ 6). Plaintiff alleges that it licenses the rights to use these images to its customers. (*See id.* ¶ 8). LLI operates a family-owned seafood market and is a seafood wholesaler, selling live shellfish, including Maine Lobsters.  (*Id.* ¶ 12). LLI maintains the largest selection of fresh and frozen seafood products from all over the world. (*See id.*  ¶ 12).

1

Plaintiff alleges that Defendant utilized the photograph annexed as Exhibit B to the Complaint, which Plaintiff alleges that it has entitled "00646746," and which the Complaint refers to as the "Work," for a commercial purpose without first obtaining a license or otherwise receiving authorization from Plaintiff. (Dkt. 1, ¶¶ 14-17, Ex. B). Plaintiff alleges that the Work is registered with the U.S. Copyright Office and has been assigned Registration No. VA 0001652320. (*Id.* ¶ 10). The Complaint attaches as Exhibit A what Plaintiff alleges is the associated copyright registration. (*See id.*, Ex. A). Plaintiff alleges that the Work was registered with the Copyright Office on January 26, 2017. (*Id.*)

## **ARGUMENT**

### I.     **Governing Legal Standards.**

Minimum pleading standards require that a plaintiff alleges facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556)).

Copyright protection attaches to "original works of authorship fixed in any tangible medium of expression." 17 U. S. C. §102(a). An author gains "exclusive rights" in his or her work immediately upon the work's creation. *See id.* § 106. These exclusive rights include, among others, the right to reproduce, distribute, and publicly display the copyrighted work. *See id.* The Copyright Act entitles a copyright owner to institute a civil action for infringement of those exclusive rights. *See id.* § 501(b). However, with certain limited exceptions not applicable here, a copyright claimant generally must comply with the requirement under the Act that "registration of the copyright claim has been made." *See id.* § 411(a). Therefore, although a

copyright owner's rights exist apart from registration (*id.* § 408(a)), a copyright owner must register a work before suing to enforce copyright ownership rights in the work. *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019). Where a would-be copyright infringement plaintiff lacks the requisite copyright registration, it lacks statutory standing to bring suit. *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1001 (9th Cir. 2015); *see also Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014).

To plead a valid copyright infringement claim, a copyright infringement plaintiff must plausibly allege (i) ownership of valid copyright; and (ii) copying of original elements of plaintiff's work without authorization. *See Tanksley v. Daniels*, 902 F.3d 165, 172-73 (3d Cir. 2018). Consistent therewith, to survive a Rule 12(b)(6) motion to dismiss, a copyright infringement plaintiff must plausibly allege that it holds a valid copyright registration for its asserted work. *See Greenberg v. Scholastic, Inc.*, Civil Action No. 16-cv-6353, 2018 U.S. Dist. LEXIS 52370, at *5 (E.D. Pa. Mar. 28, 2018); *Mid. Am. Title Co. v. Kirk*, 991 F.2d 417, 421, n.8 (7th Cir. 1993).

## II. Plaintiff Has Failed to Plausibly Allege the Statutory Prerequisite of Copyright Registration for the Asserted Work.

Plaintiff has failed to plausibly allege that it holds a copyright registration for the Work. The Complaint cites Exhibit A, which is the Certificate of Registration for Registration No. 000VA1652320, as purported support for its allegation that the Work has been registered with the Copyright Office. (*See* Dkt. 1, ¶ 10). However, a search of the Copyright Office records reflects that the Work, "00646746," corresponds, not, as represented by Plaintiff, to Registration No. VA 0001652320 attached to the Complaint, but to Registration No. VA0002268172. The associated copyright registration record for Registration No. VA0002268172, as maintained by the Copyright Office and accessible through the Copyright Office's on-line electronic database, is attached here

as Exhibit 1.[1] It, therefore, cannot be discerned whether the Work was correctly identified, and what was incorrectly identified was the registration number identified in, and Certificate of Registration attached to, the Complaint; or rather whether the Work was mis-identified in the Complaint, and the registration number identified in, and the associated Certificate of Registration attached to, the Complaint were correct; or rather whether both the Work, and the registration number/Certificate of Registration, were mis-identified in the Complaint. Adding even further to the confusion, the Certificate of Registration attached as Exhibit A to the Complaint identifies the effective registration date as March 13, 2008. (*See id.* Ex. A). As noted above, Plaintiff alleges in the body of the Complaint that the Work was registered with the Copyright Office on January 26, 2017. (*Id.* ¶ 10). This date is different than that of both Registration VA 0001652320 attached to the Complaint and Registration No. VA0002268172 corresponding to the title of the Work identified in the Complaint.

In *Greenberg*, the Court determined that Exhibit 1 to the Complaint in that case demonstrated that copyright registration was lacking with respect to certain of the photographs upon which Plaintiff's copyright infringement claim was brought. *See Greenberg*, 2018 U.S. Dist. LEXIS 52370, at *5. The Court held that this inconsistency required a finding that Plaintiff had

---

[1] LLI respectfully requests that the Court take judicial notice of Exhibit 1. U.S. Copyright Office records of this nature are the types of public records with respect to which this Court routinely takes judicial notice. *See, e.g., United Linen Wholesale, L.L.C. v. Northwest Co.*, Civil Action No. 2:06-cv-5934, 2010 U.S. Dist. LEXIS 95924, at *4 (D.N.J. Sept. 13, 2010) ("It is certainly within the purview of this Court to judicially notice the existence of copyrights registered by the NFL and Disney…."); *Kev & Cooper L.L.C. v. Gladwell Educ. LLC*, Civil Action No: 22-2029, 2023 U.S. Dist. LEXIS 31842, *5 (D.N.J. Feb. 27, 2023) (taking judicial notice of copyright registrations in the context of motion to dismiss). Even if the Court were disinclined to take judicial notice of Exhibit 1, the indisputable fact remains that the Work as identified in the Complaint, 00646746, does not correspond to the Certificate of Registration attached as Exhibit A to the Complaint. Plaintiff cannot truthfully deny this fact.

failed to plausibly allege possession of a copyright registration with regard to those works. *See id.* The Court granted Defendant's Rule 12(b)(6) Motion to Dismiss on this basis. *See id.*

So too here, for the reasons discussed, Plaintiff's allegations of copyright ownership and ownership of a valid copyright registration are entirely implausible. Therefore, LLI respectfully submits that Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to plausibly state a claim. *See Bluewire Media, LLC v. Gloucester City Republican Comm.*, Civil Action No. 13-cv3667, 2014 U.S. Dist. LEXIS 198386, at *11-12 (D.N.J. Mar. 24, 2024) ("Consistent with the requirements of Section 411(a), courts in this District routinely dismiss claims for copyright infringement where the plaintiff fails to plead registration of the copyright for the work that is the subject of the action." (collecting cases)); *Goodman v. Harry Fox* Agency, No. 03-1176, 2003 U.S. Dist. LEXIS 27269, at *7-8 (D.N.J. Dec. 30, 2003) (dismissing copyright infringement claim due to failure to allege possession of a valid copyright registration); *Hian v. Louis Vuitton USA Inc.*, Civil Action No. 22-cv-3742, 2024 U.S. Dist. LEXIS 114123, at *8-9 (E.D. Pa. June 28, 2024) (granting motion to dismiss copyright infringement claims based on failure to state a claim due to failure to allege ownership of copyright registration); *Greenberg*, 2018 U.S. Dist. LEXIS 52370, at *5 (finding a failure to plausibly allege copyright infringement where the Complaint and associated exhibit were internally inconsistent); *Design with Friends, Inc. v. Target Corp.*, C.A. No. 1:21-cv-1376-SB, 2023 U.S. Dist. LEXIS 83605, at *2 (D. Del. May 12, 2023) (identifying allegation of copyright registration as among the requirements to meet minimum pleading standard for copyright infringement claim).

**CONCLUSION**

For the foregoing reasons, LLI respectfully requests that this Motion be granted, and the Complaint dismissed with prejudice.

Dated: March 10, 2025

s/ Theodore J. Chiacchio
Theodore J. Chiacchio, Esq.
Bar No. 038932002
**CHIACCHIO IP, LLC**
1041 NJ-36, No. 304
Atlantic Highlands, NJ 07716
Phone: (732) 526-3672
Email: tchiacchio@chiacchioip.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record electronically via the Court's ECF System on March 10, 2025.

<u>/s/*Theodore J. Chiacchio*</u>
THEODORE J. CHIACCHIO